# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                       Case No. 2:18-cr-20350-MSN

JUSTIN JOHNSON,

    Defendant.

## ORDER DENYING DEFENDANT'S "*PRO SE* MOTION IN ORDER TO AMEND JUDGMENT"

Before the Court is Defendant's "*Pro Se* Motion in Order to Amend Judgment" (ECF No. 58, "Motion"). The government has not responded, and the time for doing so has expired. The Motion is ripe for adjudication.

Following a hearing on April 12, 2022, this Court entered a Judgment and Commitment Order on Supervised Released (ECF No. 56 (sealed), "SRV Judgment"; *see also* ECF No. 57 (redacted SRV Judgment)), in which the Court ordered that Defendant be imprisoned for a term of two years in federal custody for violating the terms of his supervised release. (*See* ECF No. 56.) The Motion asks the Court to amend the SRV Judgment to specify whether the two-year sentence imposed therein "is to be served concurrently or consecutive." (ECF No. 58.) Defendant is currently in state custody but "there is no [state] sentence to be concurrent or consecutive to." (*Id.*) He asserts that the SRV Judgment's "24-month sentence term has been complete but there still remains a U.S. Marshal hold." (*Id.*)

District courts have the authority "to select whether the sentences they impose will run concurrently or consecutively when they anticipate a state sentence that has not yet been imposed." *United States v. Dear*, No. 22-5647, 2023 WL 3093875, at *2 (6th Cir. Apr. 26, 2023) (citing *Setser v. United States*, 566 U.S. 231, 236–37 (2012)) (cleaned up). However, "in some situations, a district court may have inadequate information and may forbear." *Id.* (citing *Setser v. United States*, 566 U.S. at 242 n.6.). In other words, district courts have discretion "to refrain from imposing anticipatory consecutive or concurrent sentences." *Id.* This Court exercised that discretion here.

At the hearing on the supervised release violation, the government and Defendant's counsel both referenced Defendant's pending charges in state court. The parties explained that the pending charges were considered in their negotiations about the agreed-on sentence on this matter. The Court acknowledged that it understood the parties' rationale but emphasized that it was focusing only on the supervised release matter before it. The Court specifically noted that the state matter involved only charges, and it didn't know the ultimate outcome of those charges. Therefore, the Court did not reimpose supervised release following the 24-month period of incarceration for Defendant's violation of his supervised release. The Court also refrained from imposing its sentence as consecutive or concurrent to any yet-to-be-imposed state sentence because it had inadequate information to make that determination. This Court understood the scope of its authority, and it had the opportunity to select whether to run its sentence consecutively or concurrently to any yet-to-be-imposed state sentence. The Court chose to refrain. Defendant's Motion is therefore **DENIED**.

**IT IS SO ORDERED**, this 6th day of May, 2024.

                                              *s/ Mark S. Norris*
                                              MARK S. NORRIS
                                              UNITED STATES DISTRICT JUDGE